NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TOOTSER SEAFOOD COMPANY, LLC, | |
| Plaintiff, | Civil Action No. 10-04436 (JAP) |
| v. | **OPINION** |
| QUALITY SEAFOOD & BAIT SERVICES, et al., | |
| Defendants. | |

PISANO, District Judge.

This action is brought by plaintiff Tootser Seafood Company, LLC ("Plaintiff") against defendants Quality Seafood and Bait Services ("Quality Seafood"), Michael Burns ("Burns") and Michael Morton ("Morton"). This matter is presently before the Court upon a motion by Burns to vacate default judgment pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff opposes the motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.

Plaintiff filed the complaint in this action on August 30, 2010 to recover damages and civil penalties for breach of contract. Burns, a former part-owner of Qualify Seafood, was served on October 8, 2010. Upon an unopposed motion by Plaintiff, default judgment was entered against all the defendants in this action on January 20, 2011. Burns now moves to vacate default judgment against him pursuant to Federal Rule of Civil Procedure 60(b). In deciding this matter, the Court is mindful that default judgments are generally disfavored and "doubtful cases to be

1

resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.' " *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 – 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir. 1951)).  In deciding whether to vacate a default judgment under Rule 60(b)(1), the Court "must consider the following three factors: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct." *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted).

As to the first factor, the Third Circuit has defined prejudice to a plaintiff as the loss of evidence or witnesses, or similar prejudice from the defendant's delay in answering. *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 Fed. Appx. 519, 523 - 524 (3d Cir. 2006) (quoting *Feliciano v. Reliant Tooling Co.,* 691 F.2d 653, 657 (3d Cir. 1982)).  Aside from pointing to the general passage of time, Plaintiff has failed to articulate any prejudice it might face should the default judgment be vacated.  Accordingly, this factor weighs in Burns' favor.

As to the second factor, "[t]he showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established at trial, would constitute a complete defense to the action.' " *$55,518.05 in U.S. Currency,* 728 F.2d at 195 (quoting *Tozer,* 189 F.2d at 244). Thus, a defendant may not establish a meritorious defense with "simple denials or conclusory statements," but instead must provide "specific facts" supporting its defense. *$55,518.05 in U.S. Currency,* 728 F.2d at 195 (citations omitted).  Burns argues that the Court lacks personal jurisdiction over him.  In support, he points out that he owns no property, transacts no business and does not otherwise have any meaningful contact with the State of New Jersey.  Burns was not served in New Jersey, but instead at his residence in Maryland.  Plaintiff does not rebut these

assertions; thus, the Court finds it plausible that it may lack personal jurisdiction over this defendant.  Therefore, Burns has raised a meritorious defense and this factor weighs in his favor.

As to the third factor, to establish culpability for a defendant's default, "more than mere negligence [must] be demonstrated."  *Hritz v. Woma Corp.*, 732 F.2d 1178, 1183 (3d Cir. 1984).  Burns claims that he did not defend against the complaint because he did not understand that he had been named in the complaint in his individual capacity.  He states that he believed he was no longer responsible for Quality Seafood because he had transferred all his membership interests in the company to Morton and that he was under the impression that Morton was aware of the litigation and was taking steps to defend it.  On the other hand, Plaintiff points out that Burns was first notified of the dispute on April 16, 2010.  Then, several months later, on July 9, 2010, Plaintiff sent Burns a demand letter indicating Plaintiff's intent to file a lawsuit in the district of New Jersey.  Notwithstanding this advanced notice of the claim against him, Burns failed to respond to the summons and complaint that were served on him on October 20, 2010.  Given that he had approximately six months' advanced notice of Plaintiff's claim against him, Burns' failure to respond to the complaint may rise to the level of culpable conduct.  Despite his culpability in failing to respond to the complaint, however, the first and second factors of the analysis weigh in favor of vacating the default against Burns.

Accordingly, for the reasons set forth above, Burns' motion to vacate default judgment is granted.  An appropriate Order accompanies this Opinion.

/s/ JOEL A. PISANO
United States District Judge

Dated: June 20, 2011